```
1                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF NEW YORK
2

3    ------------------------------X
                                   :
4    UNITED STATES OF AMERICA,     :
                                   :   15-CR-66 (SJ)
5              v.                  :
                                   :   March 19, 2015
6    TAMERA MARIE KEENEY,          :   Brooklyn, New York
                                   :
7                   Defendant.     :
                                   :
8    ------------------------------X

9

10            TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
              BEFORE THE HONORABLE ROANNE L. MANN
11                 UNITED STATES MAGISTRATE JUDGE

12   APPEARANCES:

13

14   For the Government:       UNITED STATES ATTORNEY
                               BY:  RYAN C. HARRIS, ESQ.
15                             ASSISTANT U.S. ATTORNEY

16

17   For the Defendant:        PETER KIRCHHEIMER, ESQ.
                               Federal Defenders of New York, Inc.
18                             One Pierrepont Plaza, 16th Floor
                               Brooklyn, New York 11201

19

20   Court Transcriber:        MARY GRECO
                               TypeWrite Word Processing Service
21                             211 N. Milton Road
                               Saratoga Springs, NY 12866

22

23

24

25


     Proceedings recorded by electronic sound recording,
     transcript produced by transcription service
```

2

I N D E X

Defendant Sworn at Page 3

1          THE CLERK:  Criminal Cause for Pleading, docket

2   number 15-CR-66, <u>United States v. Keeney</u>. Counsel, please state

3   your appearance for the record.

4          MR. HARRIS:  Brian Harris for the United States.

5   Good afternoon, Your Honor.

6          THE COURT:  Good afternoon.

7          MR. KIRCHHEIMER:  Federal Defenders by Peter

8   Kirchheimer for Ms. Keeney.  Ms. Keeney is sitting next to me.

9   Good afternoon, Judge.

10          THE COURT:  Good afternoon.  Welcome to all of you.

11   And I invite you to remain seated during this proceeding so

12   you'll be closer to the microphones.

13          At this time I'm going to ask Ms. Keeney to stand so

14   my law clerk, Ms. Williams, can administer the oath.

15          THE CLERK:  Please raise your right hand.

16   (AT THIS TIME THE DEFENDANT, TAMERA KEENEY, WAS SWORN.)

17          THE CLERK:  Please state your full name and spell

18   your last name for the record.

19          THE DEFENDANT:  Tamera Marie Keeney, K-E-E-N-E-Y.

20          THE COURT:  All right.  Thank you.  Please be seated.

21   Ms. Keeney, you should understand that having been sworn your

22   answers to my questions will be subject to the penalties of

23   perjury if you do not answer truthfully.  Do you understand

24   that?

25          THE DEFENDANT:  Yes, Your Honor.

4

1          THE COURT:  Ms. Keeney, how old are you?

2          THE DEFENDANT:  I am 50.

3          THE COURT:  How far did you go in school?

4          THE DEFENDANT:  Twelfth grade.

5          THE COURT:  Are you a high school graduate?

6          THE DEFENDANT:  Yes, I am.

7          THE COURT:  Are you now or have you recently been

8   under the care of a doctor or psychiatrist?

9          THE DEFENDANT:  Yes, ma'am.

10          THE COURT:  What kind of medical provider have you

11  been getting treatment from?

12          THE DEFENDANT:  I have a therapist, I have a

13  psychiatrist, and I have a general practitioner.

14          THE COURT:  And when you say a therapist, you mean a

15  psychologist or social worker?

16          THE DEFENDANT:  I have both.

17          THE COURT:  In addition to a psychiatrist?

18          THE DEFENDANT:  Yes.

19          THE COURT:  And for what condition or problem?

20          THE DEFENDANT:  For PTSD, bi-polar, anxiety.

21          THE COURT:  I assume you're getting medication,

22  prescribed medication for those problems?

23          THE DEFENDANT:  Yes, Your Honor.

24          THE COURT:  What medications have you been

25  prescribed?

5

1                THE DEFENDANT:  To the best of my knowledge, I didn't

2    bring a piece of paper with me, I take Latuda.  That is a mood

3    stabilizer.  I take Lithium, which is also a mood stabilizer.

4    I take Chlorazapam which is anti-anxiety.  I take Lyrica which

5    is I guess it would be a painkiller.  I take Mirapex which is

6    for restless leg syndrome.  And I take --

7                MR. KIRCHHEIMER:  Chlorazapam.

8                THE DEFENDANT:  Chlorazapam.  I said Chlorazapam.

9                THE COURT:  You did.

10               THE DEFENDANT:  Yeah.  I'm sure there's one or two

11   more that I can't remember what they are.  There's -- it begins

12   with a P.

13               THE COURT:  A B or a P?

14               THE DEFENDANT:  A P.  They're fairly new to me.

15               MR. KIRCHHEIMER:  Prednisone?

16               THE DEFENDANT:  You have the paper, don't you?

17               THE COURT:  Prednisone?

18               THE DEFENDANT:  No.  I take Prednisone as an inhaler.

19               THE COURT:  And the painkiller is for what condition

20   or problem?

21               THE DEFENDANT:  It's for my back and my sciatic

22   nerve.  I have a hard time walking.

23               THE COURT:  You haven't had surgery, have you?

24               THE DEFENDANT:  Not yet.  I'm still doing physical

25   therapy.

6

1          MR. KIRCHHEIMER:  Judge, I have from her clinic, I

2    have a list of the meds if you want me to read them into the

3    record.

4          THE COURT:  All right.  That would --

5          MR. KIRCHHEIMER:  Lyrica, Dexilant, Mirapex,

6    Thyroxine --

7          THE DEFENDANT:  Thyroid.

8          MR. KIRCHHEIMER:  -- Advair --

9          THE DEFENDANT:  That's an inhaler.

10          MR. KIRCHHEIMER:  Yeah, an inhaler for something.

11    Abilify and Sertrane and Lumicia [Ph.].  Those are the meds

12    listed in the --

13          THE DEFENDANT:  I don't take the Abilify anymore.

14          MR. KIRCHHEIMER:  Okay.

15          THE COURT:  What is the inhaler for?

16          THE DEFENDANT:  It's for asthma and COPD.

17          THE COURT:  And you said you also have a general

18    practitioner.

19          THE DEFENDANT:  Yes.

20          THE COURT:  Is he or she dealing with the COPD as

21    well as the back problems?

22          THE DEFENDANT:  Yes.

23          THE COURT:  In the past 24 hours, have you taken any

24    drugs, medicine, pills, or narcotics other than your prescribed

25    medications?

7

1      THE DEFENDANT:  No, Your Honor.

2      THE COURT:  Have you drunk any alcoholic beverages

3 within the past 24 hours.

4      THE DEFENDANT:  No, Your Honor.

5      THE COURT:  And did you take your prescribe

6 medication as prescribed within the last day?

7      THE DEFENDANT:  Within the last day, yes.

8      THE COURT:  Have you ever been hospitalized or

9 treated for substance abuse or for any mental or emotional

10 problem other than your current treatment for --

11      THE DEFENDANT:  Yes, I have.

12      THE COURT:  Do you want to tell me your history?

13 Have you ever been hospitalized for any mental or emotional

14 problem?

15      THE DEFENDANT:  (Crying).  Yes, I have.

16      THE COURT:  How long ago?

17      THE DEFENDANT:  (Crying).  The last one was probably

18 four months ago.

19      THE COURT:  And was that on a voluntary basis?

20      THE DEFENDANT:  Yes.

21      THE COURT:  How long were you hospitalized?

22      THE DEFENDANT:  A week.

23      THE COURT:  And that was -- and then you were

24 discharged?

25      THE DEFENDANT:  Yes.

8

1          THE COURT:  And did you have any prior history of any
2 hospitalization?

3          THE DEFENDANT:  I've been hospitalized 12 times,
4 ma'am for either (crying) -- I have mental conditions.

5          THE COURT:  Have you ever been hospitalized or
6 treated for a narcotic condition or any other kind of substance
7 abuse?

8          THE DEFENDANT:  No, Your Honor.

9          MR. KIRCHHEIMER:  I'm sorry, I believe my client
10 answered hospitalized and not the treated.  She's currently
11 under treatment --

12          THE COURT:  Can you keep your voice up?

13          MR. KIRCHHEIMER:  She's currently under treatment at
14 a clinic in Connecticut.

15          THE DEFENDANT:  Yes, I am being treated.  I've never
16 been hospitalized.

17          THE COURT:  And you're being treated for what kind of
18 substance abuse?

19          THE DEFENDANT:  For alcohol and for cocaine.

20          THE COURT:  And prior to that current treatment, had
21 you ever received any treatment, not as distinguished from
22 hospitalization, but any kind of treatment for any substance
23 abuse including alcoholism?

24          THE DEFENDANT:  No, Your Honor.

25          THE COURT:  Is your mind clear now?

9

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  Do you understand what's going on here

3    now?

4          THE DEFENDANT:  Yes, I do.

5          THE COURT:  Mr. Kirchheimer, have you discussed the

6    matter of pleading guilty with your client?

7          MR. KIRCHHEIMER:  I have, Judge.

8          THE COURT:  In your view, does she understand the

9    rights she'll be waiving by pleading guilty?

10          MR. KIRCHHEIMER:  Yes.

11          THE COURT:  Is she capable of understanding the

12    nature of these proceedings?

13          MR. KIRCHHEIMER:  I believe so.

14          THE COURT:  Do you have any doubt as to her

15    competence to plead at this time?

16          MR. KIRCHHEIMER:  No.

17          THE COURT:  Have you advised her of the maximum

18    sentence and fine that can be imposed and have you discussed

19    with her the effect of the sentencing guidelines?

20          MR. KIRCHHEIMER:  Yes, Judge.

21          THE COURT:  Ms. Keeney, I have before me a consent to

22    have a plea taken before a United States Magistrate Judge.  Is

23    that your signature on the defendant's signature line?

24          THE DEFENDANT:  Yes, Your Honor.

25          THE COURT:  Have you read this document and discussed

10

1   it with Mr. Kirchheimer?

2           THE DEFENDANT:  I've been made aware of what's on it.

3   I have not read it.

4           THE COURT:  But you have signed it?

5           THE DEFENDANT:  Yes.

6           THE COURT:  And you understand that this document

7   provides that the plea will be held before a magistrate judge

8   as opposed to a district judge, Judge Johnson, who's handling

9   the case?

10          THE DEFENDANT:  Yes, Judge.

11          THE COURT:  Judge Johnson is the judge who will

12  sentence you and make the ultimate decision as to whether to

13  accept your guilty plea.  If you wish, you have the absolute

14  right to have Judge Johnson listen to your plea and if you

15  choose to do that, there will be no prejudice or harm to you.

16  Do you understand that?

17          THE DEFENDANT:  Yes, Your Honor.

18          THE COURT:  On the other hand, if you wish, I will

19  listen to your plea.  I'm a United States Magistrate Judge.

20  This proceeding is being recorded.  A transcript will be made

21  of the proceeding and Judge Johnson will review it to decide

22  whether to accept your plea.  He'll also review it in

23  connection with your sentence.  Do you understand that?

24          THE DEFENDANT:  Yes, Your Honor.

25          THE COURT:  Understanding what I've just told you, do

11

1   you wish to give up your right to have Judge Johnson listen to

2   your plea and are you prepared to proceed before me at this

3   time?

4              THE DEFENDANT:  Yes, Your Honor.

5              THE COURT:  Do you make this decision voluntarily and

6   of your own free will?

7              THE DEFENDANT:  Yes, Your Honor.

8              THE COURT:  Have any threats or promises been made to

9   you to get you to agree to have me hear your plea?

10             THE DEFENDANT:  No, Your Honor.

11             THE COURT:  I find that the defendant's consent is

12  knowing, intelligent, and voluntary.

13             Ms. Keeney, have you discussed your case with Mr.

14  Kirchheimer and are you satisfied to have him represent you?

15             THE DEFENDANT:  Yes, I am, Your Honor.

16             THE COURT:  Have you received a copy of the

17  indictment that's been filed against you?

18             THE DEFENDANT:  Yes, I have, Your Honor.

19             THE COURT:  Have you consulted with Mr. Kirchheimer

20  about the indictment?

21             THE DEFENDANT:  Yes, Your Honor.

22             THE COURT:  The indictment contains two counts or

23  charges.  I understand you're prepared to plead guilty both of

24  those counts.  Count 1 is the importation of cocaine charge.

25  More specifically, it alleges that on approximately January

12

1   20th of this year you knowingly and intentionally imported

2   cocaine into the United States.

3          Count 2, entitled possession of cocaine with intent

4   to distribute, charges that on that same day you knowingly and

5   intentionally possessed cocaine with the intent to distribute

6   it.

7          In order to prove you guilty of Count 1, the

8   Government would have to prove the following beyond a

9   reasonable doubt.

10         First, that on that approximate date you did in fact

11  import, that is bring into the United States or cause to be

12  brought into the United States, a certain substance.

13         Second, the Government would have to prove that that

14  substance was in fact cocaine.

15         Third, the Government would have to prove that you

16  acted knowingly and intentionally, that you knew that the

17  substance was cocaine or some illegal narcotic drug, and that

18  you did not act out of some mistake or innocent reason.  Do you

19  understand that charge?

20         THE DEFENDANT:  Yes, Your Honor.

21         THE COURT:  The possession count, in order to prove

22  the possession of cocaine with intent to distribute it, the

23  Government would have to prove the following beyond a

24  reasonable doubt.  First, that on that same date, January 20,

25  2015, you possessed cocaine.  That is you had it within your

13

1    custody or control.

2            Second, that you acted knowingly and intentionally

3    knowing that it was cocaine or some illegal narcotic drug, and

4    possessing it with the intent to distribute it.  That is to

5    transfer or sell to another individual.  Do you understand that

6    charge?

7            THE DEFENDANT:  Yes, Your Honor.

8            THE COURT:  I now want to talk with you about the

9    rights that you'll be giving up by pleading guilty, but the

10   first and most important thing you have to understand is that

11   you have an absolute right to plead not guilty.  Do you

12   understand that?

13           THE DEFENDANT:  Yes, Your Honor.

14           THE COURT:  If you plead not guilty, then under the

15   constitution and laws of the United States, you're entitled to

16   a speedy and public trial by jury with the assistance of

17   counsel on the charges contained in the indictment against you.

18   Do you understand that?

19           THE DEFENDANT:  Yes, Your Honor.

20           THE COURT:  You have the right to be represented by

21   an attorney and if necessary to have the court appoint an

22   attorney not only at trial but at every other stage of the

23   proceeding.  Do you understand that?

24           THE DEFENDANT:  Yes, Your Honor.

25           THE COURT:  At the trial you would presumed to be

14

1   innocent and the Government would have to overcome that

2   presumption and prove you guilty by competent evidence and

3   beyond a reasonable doubt.  You would not have to prove that

4   you were innocent.  And if the Government failed to prove you

5   guilty beyond a reasonable doubt, the jury would have the duty

6   to find you not guilty.  Do you understand that?

7            THE DEFENDANT:  Yes, Your Honor.

8            THE COURT:  In the course of the trial, the witnesses

9   for the Government would have to come to court and testify in

10  your presence and your attorney would have the right to cross

11  examine the witnesses for the Government, to object to evidence

12  offered by the Government, to compel the attendance of

13  witnesses, and to offer evidence on your behalf.  Do you

14  understand that?

15           THE DEFENDANT:  Yes, Your Honor.

16           THE COURT:  At a trial, while you would have the

17  right to testify if you chose to do so, you could not be

18  required to testify.  Under the Constitution of the United

19  States, you cannot be compelled to incriminate yourself.  If

20  you decided not to testify, the court would, at your lawyer's

21  request, instruct the jurors that they could not hold that

22  against you.  Do you understand that?

23           THE DEFENDANT:  Yes, Your Honor.

24           THE COURT:  If you plead guilty and the court accepts

25  your plea, you'll be giving up your right to a trial and the

15

1    other rights that I've just discussed.  There will be no

2    further trial of any kind and no right of appeal from the

3    judgment of guilty.  The court will simply enter a judgment of

4    guilty on the basis of your guilty plea.  Do you understand

5    that?

6            THE DEFENDANT:  Yes, Your Honor.

7            THE COURT:  If you plead guilty, I'll have to ask you

8    questions about what you did in order to satisfy myself and

9    Judge Johnson that you are in fact guilty of the charges to

10   which you seek to plead guilty and you'll have to answer my

11   questions and admit your guilt.  In that way you'll be giving

12   up your right not to incriminate yourself.  Do you understand

13   that?

14           THE DEFENDANT:  Yes, Your Honor.

15           THE COURT:  Are you willing to give up your right to

16   a trial and the other rights that I've just discussed?

17           THE DEFENDANT:  Yes, I am, Your Honor.

18           THE COURT:  I understand that there is no written

19   agreement between the defense and the Government.  Mr.

20   Kirchheimer, are there any oral understandings?

21           MR. KIRCHHEIMER:  There are not, Judge.

22           THE COURT:  Ms. Keeney, do you agree with what your

23   lawyer just said?

24           THE DEFENDANT:  Yes, Your Honor.

25           THE COURT:  And Mr. Harris, that's the Government's

16

1  position as well?

2          MR. HARRIS:  Yes, it is.

3          THE COURT:  Ms. Keeney, I now want to talk with you

4  about the sentencing scheme that's applicable here.  The

5  statute that you're accused of violating in Count 1 carries a

6  prison term of up to 20 years, and the statute that you're

7  accused of violating in Count 2 also carries a maximum prison

8  term of up to 20 years for a maximum potential exposure of up

9  to 40 years in prison.  Do you understand that?

10          THE DEFENDANT:  Yes, I do, Your Honor.

11          THE COURT:  In addition to a prison term, the

12  sentencing court will impose a supervised release term to

13  follow any term of imprisonment.  The minimum supervised

14  release term on each count is up to three years and the

15  supervised release term can be as long as life.  If you

16  violated a condition of supervised release, you could then be

17  sentenced to up to two years on each count without credit for

18  any time already spent in prison and without credit for any

19  time previously served on post release supervision.  Do you

20  understand that?

21          THE DEFENDANT:  Yes, Your Honor.

22          THE COURT:  In addition to a prison term and

23  supervised release term, the sentencing court can also impose a

24  fine of up to $1 million on each count for a total potential

25  fine of up to $2 million.  Do you understand that?

17

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  The sentencing court will also impose a

3   mandatory $100.00 special assessment on each count for a total

4   special assessment of $200.  Do you understand that?

5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  I now want to talk with you about the

7   sentencing guidelines.  Under the Sentencing Reform Act of 1984

8   the United States Sentencing Commission has issued guidelines

9   for judges to consider in determining the sentence in a

10  criminal case.  In determining the sentence the court is

11  obligated to calculate the applicable sentencing guideline

12  range and to consider that range, possible departures under the

13  guidelines, and other sentencing factors including those

14  specified by statute.

15         Ms. Keeney, have you and Mr. Kirchheimer talked about

16  how the guidelines might apply to your case?

17         THE DEFENDANT:  Yes, Your Honor.

18         THE COURT:  You should understand that Judge Johnson

19  will not be able to do the guideline calculation for your case

20  until after the Probation Department has prepared a pre-

21  sentence report and you and your attorney have had an

22  opportunity to read it and to challenge the facts reported by

23  the probation officer.  Do you understand that?

24         THE DEFENDANT:  Yes, Your Honor.

25         THE COURT:  You should also understand that after

18

1   it's been determined what guideline applies to a case, the

2   judge has the authority to impose a sentence that is more

3   severe or less severe than the sentence called for by the

4   guidelines depending on what is a reasonable sentence.  Do you

5   understand that?

6           THE DEFENDANT:  Yes, Your Honor.

7           THE COURT:  I'm now going to ask the attorneys to

8   give their best estimate of what the guideline range of

9   imprisonment is likely to be, but I want you to keep in mind

10  that the attorneys' estimates are not binding upon Judge

11  Johnson.  It will be up to him to do his own calculation under

12  the guidelines to determine the applicable guideline range and

13  then to decide whether or not to sentence within that range or

14  not.  Do you understand that?

15          THE DEFENDANT:  Yes, Your Honor.

16          THE COURT:  And the Government has provided to the

17  court with a sentencing sheet.  Mr. Harris, I take it your

18  estimated guidelines calculation is set forth on that sheet?

19          MR. HARRIS:  That's correct.

20          THE COURT:  And you've calculated a base offense

21  level of 4, less four points for minimal role, less two points

22  for acceptance of responsibility for a total offense level of 8

23  which would carry a range of imprisonment of zero to six months

24  assuming the defendant falls within criminal history category

25  one.  Is that right?

19

1          MR. HARRIS:  That's correct, Judge.  The base offense

2    level is 14.  I believe you said 4.

3          THE COURT:  Did I misspeak?  I meant 14 minus four,

4    minus two.

5          MR. HARRIS:  Yes, Judge.

6          THE COURT:  All right.  And Mr. Kirchheimer, have you

7    done your own calculation under the guidelines?

8          MR. KIRCHHEIMER:  Yes, Judge.

9          THE COURT:  And what is your calculation?

10          MR. KIRCHHEIMER:  It's the same except for the fact

11   that the Government excludes the safety valve which if we end

12   up doing that will be an extra two points off making it 6

13   instead of 8, but still zero to six.

14          THE COURT:  It would be the same range.

15          MR. KIRCHHEIMER:  Because that's the lowest possible

16   range.  And I think the court misspoke when you say the judge

17   can go either higher or lower than --

18          THE COURT:  Well, in this case he --

19          MR. KIRCHHEIMER:  He can't go lower.

20          THE COURT:  -- he can't go lower.  I said that before

21   I looked at the estimates.

22          Ms. Keeney, you should understand that parole has

23   been abolished and that if you're sentenced to prison, you will

24   not be released on parole.  Do you understand that?

25          THE DEFENDANT:  Yes, Your Honor.

20

1          THE COURT:  Do you have any questions that you'd like
2    to ask me about the charges, your rights, or anything else
3    relating to this matter?
4          THE DEFENDANT:  No, Your Honor.  I can't think of
5    anything.
6          THE COURT:  Are you ready to plead?
7          THE DEFENDANT:  Yes, Your Honor.
8          THE COURT:  Mr. Kirchheimer, do you know any reason
9    why Ms. Keeney should not plead guilty?
10         MR. KIRCHHEIMER:  No, Judge.
11         THE COURT:  Are you aware of any viable legal defense
12   to either charge?
13         MR. KIRCHHEIMER:  Until the moment when she stands up
14   and she admits knowledge, there isn't going to be any direct
15   evidence of knowledge [inaudible] legal defense.
16         THE COURT:  But you've concluded after discussing the
17   matter with her that it's in her interest to plead guilty?
18         MR. KIRCHHEIMER:  Yes.
19         THE COURT:  Ms. Keeney, what is your plea to Count 1
20   of the indictment, the importation of cocaine charge; guilty or
21   not guilty?
22         THE DEFENDANT:  Guilty.
23         THE COURT:  What is your plea to Count 2 of the
24   indictment, the cocaine with intent to distribute charge;
25   guilty or not guilty?

1          THE DEFENDANT:  Guilty.

2          THE COURT:  Are you making these pleas of guilty

3   voluntarily and of your own free will?

4          THE DEFENDANT:  Yes, Your Honor.

5          THE COURT:  Has anyone threatened or forced you to

6   plead guilty?

7          THE DEFENDANT:  No, Your Honor.

8          THE COURT:  Other than the agreement with --  have

9   there been any promises that have caused you to plead guilty?

10          THE DEFENDANT:  No, Your Honor.

11          THE COURT:  Have any promises been made as to what

12   your sentence will be?

13          THE DEFENDANT:  No, Your Honor.

14          THE COURT:  Again, Count 1 charges that on January

15   20, 2015 you knowingly and intentionally imported cocaine into

16   the United States.  Did you in fact do that?

17          THE DEFENDANT:  Yes, Your Honor, I did.

18          THE COURT:  And Count 2 that on that same date you

19   knowingly and intentionally possessed cocaine with the intent

20   to distribute it.  Did you do that?

21          THE DEFENDANT:  Yes, Your Honor.

22          THE COURT:  Would you tell me in your own words what

23   you did that makes you guilty of those two offenses?

24          THE DEFENDANT:  I went with a dear friend, or who I

25   thought was a dear friend, to Jamaica.

22

1          THE COURT:  West Indies?

2          THE DEFENDANT:  Okay.

3          THE COURT:  As opposed to Jamaica, New York, Queens.

4          THE DEFENDANT:  Yes.

5          THE COURT:  West Indies?

6          THE DEFENDANT:  Yes.  And he arranged for me to get

7    cocaine and smuggle it in, back into the United States, and

8    that's exactly what I did.

9          THE COURT:  And you knew that it was cocaine that

10   you --

11         THE DEFENDANT:  I knew that it was cocaine that he

12   was giving me.

13         THE COURT:  And how did you travel to the United

14   States?  By plane?

15         THE DEFENDANT:  By plane.

16         THE COURT:  You arrived at JFK Airport?

17         THE DEFENDANT:  Yes, I did.

18         THE COURT:  And was that on January 20th of this year?

19         THE DEFENDANT:  Yes, it was.

20         THE COURT:  And how did you -- I take it you hid the

21   cocaine?

22         THE DEFENDANT:  Yes.  He put it in balloons.

23         THE COURT:  And you swallowed it?

24         THE DEFENDANT:  Swallowed it.

25         THE COURT:  And it was when you entered the United

23

1   States with those drugs, it was your intention upon arriving

2   the United States to have the drugs handed off to some other

3   person?

4             THE DEFENDANT:  Yes.

5             THE COURT:  And you knew it was wrong to do that?

6             THE DEFENDANT:  Yes, I did.

7             THE COURT:  Mr. Harris, is there any further inquiry

8   you'd like me to make of the defendant?

9             MR. HARRIS:  No, Your Honor.

10            THE COURT:  Based on the information provided to me,

11  I find that Ms. Keeney is acting voluntarily, that she fully

12  understands her rights and the consequences of her plea, and

13  that there is a factual basis for the plea to each of the two

14  counts.  I therefore recommend acceptance of the pleas of

15  guilty to Counts 1 and 2.

16            We have a date for sentence June 25th at 9:30 a.m.

17  before Judge Johnson.  In the interim, the Probation Department

18  will be preparing a pre-sentence report.  Ms. Keeney, I urge

19  you to cooperate with the probation officer.

20            THE DEFENDANT:  Yes, Your Honor.

21            THE COURT:  Is there anything open issue about any

22  personal effects taken from Ms. Keeney at the time of her

23  arrest?

24            THE DEFENDANT:  Yes.  There's a duffle bag full of

25  stuff.

24

 1               THE COURT:  And I take it the contents have been

 2    inventoried and reviewed?

 3               THE DEFENDANT:  Oh, I'm sure they have.

 4               MR. HARRIS:  I haven't seen anything but I believe

 5    that is the case.

 6               THE COURT:  Mr. Kirchheimer, have you reviewed an

 7    inventory with your client?

 8               MR. KIRCHHEIMER:  I didn't actually see any notes of

 9    that in my --

10               THE COURT:  All right.  I'd ask Mr. Harris to re-

11    serve the inventory on Mr. Kirchheimer --

12               MR. HARRIS:  Yes, Your Honor.

13               THE COURT:  -- so that he can review it with his

14    client.  And is there any reason why the duffle bag would have

15    to be maintained by the Government or can it be returned to the

16    defendant?

17               MR. HARRIS:  No, there's no reason, Your Honor.

18               THE COURT:  All right.  So why don't you make those

19    arrangements before sentence.

20               All right.  Is there anything further?

21               MR. HARRIS:  Nothing from the Government.

22               MR. KIRCHHEIMER:  No, Judge.

23               THE COURT:  Okay.  Thank you very much.

24               THE DEFENDANT:  Thank you, Your Honor.

25    (Proceedings concluded at 2:33 p.m.)

25

1        I certify that the foregoing is a court transcript from an

2    electronic sound recording of the proceedings in the above-

3    entitled matter.

4

5    _____

6                              Mary Greco

7    Dated:  March 29, 2015

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25